United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                    Case No. 19-16681-jkf
Yongping Wang                                                             Chapter 13
         Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2          User: dlv              Page 1 of 1              Date Rcvd: Mar 10, 2020
                              Form ID: pdf900        Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 12, 2020.
db              +Yongping Wang,    2601 Pennsylvania Avenue,    Unit 945,    Philadelphia, PA 19130-2340

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr              +E-mail/Text: mstranen@marcushoffman.com Mar 11 2020 03:01:34
                 2601 Parkway Condominium Association,    c/o Michelle J. Stranen,    326 W. State Street,
                 Media, PA 19063-3861
                                                                                        TOTAL: 1

           ***** BYPASSED RECIPIENTS *****
NONE.                                                                                   TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 12, 2020                          Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 10, 2020 at the address(es) listed below:
          ALBERT JAMES MILLAR    on behalf of Creditor    PA Dept of Revenue RA-occbankruptcy3@state.pa.us,
          RA-occbankruptcy6@state.pa.us
          BRANDON J PERLOFF    on behalf of Debtor Yongping  Wang bperloff@kmfirm.com,   kmecf1429@gmail.com,
          mhazlett@kmfirm.com,KwartlerManusLLC@jubileebk.net
          JEROME B. BLANK    on behalf of Creditor    Deutsche Bank National Trust Company, et.al.
          paeb@fedphe.com
          MICHELLE JEANNE STRANEN    on behalf of Creditor    2601 Parkway Condominium Association
          mstranen@marcushoffman.com
          REBECCA ANN SOLARZ    on behalf of Creditor    J.P. Morgan Mortgage Acquisition Trust 2006--WF1,
          U.S. Bank National Association, as Trustee bkgroup@kmllawgroup.com
          ROBERT J. DAVIDOW    on behalf of Creditor    Deutsche Bank National Trust Company, et.al.
          robert.davidow@phelanhallinan.com
          SCOTT F. WATERMAN (Chapter 13)    ECFMail@ReadingCh13.com
          United States Trustee   USTPRegion03.PH.ECF@usdoj.gov
                                                                              TOTAL: 8

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Yongping Wang | CHAPTER 13 |
| _____Debtor_____ | |
| Specialized Loan Servicing LLC as servicer for J.P. Morgan Mortgage Acquisition Trust 2006-- WF1, U.S. Bank National Association, as Trustee | NO. 19-16681 JKF |
| _____Movant_____ | |
| vs. | |
| Yongping Wang | 11 U.S.C. Section 362 |
| _____Debtor_____ | |
| Scott F. Waterman, Esquire | |
| _____Trustee_____ | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.      The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$7,757.65,** which breaks down as follows;

Post-Petition Payments:          November 2019 to March 2020 at $1,551.53/month
**Total Post-Petition Arrears     $7,757.65**

2.      The Debtor shall cure said arrearages in the following manner:

a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$7,757.65.**

b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$7,757.65** along with the pre-petition arrears;

c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3.      Beginning with the payment due April 1, 2020 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $1,551.53 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4.      Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

5.      Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

6.      In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice.  If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay. In the event of a second default pursuant to the terms of this Stipulation, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay,

7.      If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

8.      If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

9.      The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

10.     The parties agree that a facsimile signature shall be considered an original signature.

Date:    March 5, 2020                    By: _/s/ Rebecca A. Solarz, Esquire_
                                          Attorney for Movant


Date: 3/6/2020

                                          Brandon J. Perloff, Esquire
                                          Attorney for Debtor


Date:    March 9, 2020                    /s/ Polly A. Langdon, Esquire, for

                                          Scott F. Waterman, Esquire
                                          Chapter 13 Trustee


Approved by the Court this __10th__ day of ___March_____, 2020.  However, the court
retains discretion regarding entry of any further order.

                                          _____
                                          Bankruptcy Judge
                                          Jean K. FitzSimon